Tayxor, Chief-Justice.
 

 — The case is, that the Complainant is an illegitimate child of the Defendant’s wife, and he alleges, that immediately before the intermarriage of the Defendant with his mother, it was agreed upon between them and in consideration of the marriage, that a slave and some chattel property belonging to his mother, should be settled upon him and given to him when he arrived at the age of twenty-one years, subject to certain limitations.
 

 The promise to give the negro, is admitted by the Defendant
 
 Davis
 
 and wife, and that they executed a writing to that effect. The consideration of the promise is denied by Davis, and admitted by his wife; and the whole circumstances of the case vender it probable that her agreement to marry him, was the motive that induced his compliance with her request, for though she had lived with him several years before, atul had children by
 
 *74
 
 him, yet without a marriage, he had not a complete control over her property ; and immediately after the writing was executed, the marriage took effect. The Defendant
 
 Susan
 
 had children by her former husband, all of whom were provided for, and the Defendant
 
 Davis,
 
 was in circumstances fully sufficient to provide for the issue he had by her. The Complainant was the only one of her children not provided for, and it was perfectly just and natural, thatshe should stipulate for some provision for him, before she finally surrendered her property to another husband.
 

 If the paper signed had been executed with the formalities of a deed, and actually transferred the property, it would have been competent for this Court to give effect to it as between the parties, although it were voluntary, according to the distinction stated in
 
 Ellison
 
 v.
 
 Ellison,
 
 (6
 
 Vesey
 
 662), if you want the assistance of chancery to raise an interest by way of trust, on a covenant or executory agreement, you must have a valuable or meritorious consideration ; for the Court will not constitute you
 
 cestui que trust,
 
 when you are a mere volunteer, and the claim rests in covenant as to transfer stock. But if the actual transfer be made, the equitable interest will he enforced; for the transfer constitutes the relation between trustee and
 
 cestui que trust,
 
 though voluntary and without consideration. There are cases too, where a voluntary bond has been supported by a decree, (1
 
 Vernon
 
 427 — 3
 
 P. Wms.
 
 222.) If the Complainant is considered as a volunteer, it may be doubted whether he can come into this Court, to raise a trust for his benefit; and although I believe there are no cases to be found extending the marriage consideration to illegitimate children, yet under the circumstances of this case, as influenced by the diversity of the Jaw in this State from that of England, I think the Complainant otight to have relief.
 

 
 *75
 
 The natural obligation of a parent to maintain his illegitimate offspring, cannot be doubted, (Puffend, 6, 4, c. 11, s. 6,) and the Defendant
 
 Davis,
 
 in this case, succeeded to the duties and obligations of his wife, by virtue of the agreemeut made before the marriage, and in consideration of his acquiring a right to her property. Bastards may take a gift from their parents, where they are sufficiently described, they may take by devise, if they have acquired a name by reputation. They are not considered as children for whom the consideration of blood would raise an use; yet on an estate, otherwise effectually passed, an use may as well be declared to a bastard being in esse, and sufficiently described, as to any other person. In those cases in which the conveyance being taken in the name of the child, is held an advancement for, and not a trust in the child, the principle is, that the parent was bound to provide for the child, and having directed the conveyance to be in his name, is presumed to have intended to discharge such moral duty. If such be the principle, it will follow, that where-ever such obligation exists in the parent, the beneficial interest shall enure to the child.
 
 “
 
 The obligation does extend toan illegitimate child, and consequently I should conceive him to be within the principle, and entitled to the benefit,” (2
 
 Fonb.
 
 129.) “Past seduction (says Chancellor
 
 Kent)
 
 has been held a valid consideration to support a covenant for pecuniary reparation
 
 ;
 
 and the innocent offspring of criminal indulgence, has a claim to protection and support, which Courts of Equity cannot and do not disregard.”
 

 According to the law of England, bastards are incapable of being heirs. They are considered as the sons or children of nobody, and no inheritable blood flows to their veins, and therefore, if there be no other claimant than such illegitimate children, the land shall escheat to the lord. They can have no other heirs than the issue
 
 *76
 
 of their own bodies
 
 ;
 
 for as they are considered the children of nobody, there can be no ancestors by whom a kindred or relation can be made; The reason of excluding them from the right of inheritance, is on account of the uncertainty of their ancestors. But our Legislature, wisely considering that this rule ought not to extend to cases where there is no uncertainty, as the mother of a bastard, has made them inheritable to their mothers, and to each other. (2
 
 Revisal, c.
 
 522.)
 

 - The law establishing the succession to intestates’ estates, is founded on the presumed will of the deceased, that if he had made a provision in his lifetime, it would be such as the law prescribes — that he would have done that whiph is equally prompted by natural inclination and duty
 
 ;
 
 and it is one of the first of duties, that we take due care for the maintenance of those whom nature teaches us to cherish with peculiar affection.
 

 The law having thus rendered illegitimate children capable of inheriting to their mother, would be untrue to itself, were it to refuse an enforcement of the expressed will of the mother in her lifetime, in a case where the Complainant is the only one of her children unprovided for. I conclude, therefore, tiiat here is a meritorious consideration, founded on the recognized relation, in which the Complainant stands to his mother and her husband, and that there ought to be a decree for him.
 

 Per Curiam.
 

 — Decree according to the prayer of the bill, and give the Pl'aintiffhis costs.