W. A. HAGLAR & WIFE and others *vs.* R. D. McCOMBS.

1. When a father is indebted to his children, and gives them property or money at their maturity or marriage, the presumption is that this is a payment of the debt, and not an advancement. This presumption is, however, liable to be re- butted by the facts of the case.

2. If money is given to a son-in-law, under similar circumstances, or paid by the father-in-law as surety, the same rule applies.

3. If a father, while acting as executor, receives into his possession a number of slaves bequeathed to his children, and afterwards sells one of them, and retains and controls the others until their emancipation; *Held,* that in an action for an account for the hire of said slaves, &c , it shall be determined, as a fact, whether he converted or intended to convert the slaves to his own use, or whether he held them as trustee or bailee for his children. If the former, a debt is established, and the presumption above referred to applies—otherwise it does not.

4. A trustee is generally entitled to commissions, but when a person is trustee by reason of his being executor, and voluntarily assumes control of a fund willed to minor children, he not being their guardian. he is not entitled to com- missions.

5. A father is bound to support his children if he has ability to do so, whether they have property or not, and he is not entitled to any credit for such support in a settlement of accounts between them and himself.

6. In an action for an account, against an executor, the personal representative and not the children of a deceased legatee, should be made a party.

*Taylor* v. *Lanier,* 3 Mar. 98. *Walker* v. *Crowder,* 2 Ired. Eq. 478, cited and apapproved.

N. B. The transcript sent to this Court does not show before whom this case was tried, but inasmuch as it was filed during the term, and Judge Cloud presided at the last term of Cherokee Court, it is presumed that it was tried by him.

This was an action tried before Cloud, Judge, at Fall Term, 1871, of Cherokee Superior Court.

This action was brought by the plaintiffs against the defendant, seeking to charge the estate of the intestate, Abram Sudderth, with the value of certain slaves and the hire of other slaves, which they allege were willed to them by their grandfather John Hennessee. They claim the slaves and other property under two clauses of the will of said Hennessee, which are set out in the opinion of the Court. The plaintiffs, Sarah, wife of Haglar, Margaret, wife of Howell, Ailsey, wife of Hyde, Judy, wife of Dean, are the grand children of Hennessee and the children of Abram Sudderth by a former marriage, and the plaintiffs Wallis, Victoria, Abram and Jacob Williams, who sue by guardian, are the children of one Excey Williams, deceased, who was likewise a grand daughter of said Hennessee and a child of Abram Sudderth.

The defendants are the administrators of Abram Sudderth, deceased, his widow, who was his second wife, and a daughter of the second marriage, and her husband.

In the progress of the trial, the case was referred to auditors for an account. They made a report to Fall Term, 1870.

Various exceptions were filed to the report by both plaintiffs and defendants. His Honor sustained the exceptions made by the plaintiffs, and overruled the defendants'.

Plaintiffs moved for judgment according to the report modified by their exceptions. His Honor refused to give judgment, and each party appealed to the Supreme Court.

The exceptions to the report, and all other facts material to the case are fully stated in the opinion of the Court.

*Erwin* and *Folk* for plaintiffs.
*Phillips* & *Merrimon* and *Dupre'*

RODMAN, J.  *Plaintiff's case :*  John Hennessee died in 1843, leaving a will by which he bequeathed among other things as follows :

"Item 4.  I give Abram Sudderth's children, my grand-children, the one half of my negroes remaining after the above bequests are taken out, and also the boy my wife has during her life time."

He likewise by item 6, gave his said grand children a share in the residue of his estate.  Abram Sudderth and Patrick Hennessee were appointed executors.

The plaintiffs, Sarah, wife of Hagler, Margaret, wife of Howell, Ailsey, wife of Hyde, and Judy, wife of Dean, are the grand children referred to in the will, the other plaintiffs are children of Excey, one of the grand children of the testator who died after him.

The complaint states that Abram Sudderth, under the above bequests to his children, received several slaves, one of which he sold for $1000, which he invested in part payment for a piece of land purchased in his own name for about $7000.  It also makes Lycurgus Howell and his wife Adlee, who is a daughter of Abram Sudderth by his second marriage parties defendant.  The administrators of Abram Sudderth are also defendants, but no account of his estate is asked for. The plaintiffs seek to charge his estate with the value of the negroes which he received from the estate of their grand-father and sold, and with the hire of the other negroes which he kept in his possession until their emancipation.

*Defence* :

1. The principal defence is that Abram Sudderth during his life time delivered to the *femes* plaintiffs at or after their

marriages, negroes or other property, the value of which should be deducted from the debts claimed by the plaintiffs.

2. That as the claims of the plaintiffs are several, they cannot sue jointly.

3. The administrators of Abram Sudderth say they have no assets.

4. Lycurgus Howell and wife say they ought not to be parties, as they have no interest in the controversy. By consent it was referred to auditors to state an account of the property received by Abram Sudderth under the bequests of the will of Hennessee, and of the property and money given by him to his children during his life.

An account was accordingly taken, by which it was found that Abram Sudderth had received property of his children amounting, according to the mode of taking the account, adopted by the auditors, $6,580.82, and that he had given to the children as aforesaid, different sums, to some less, and to others more, than their proportionate shares of the above.

Both parties excepted.

Before proceeding to the exceptions, however, it will be well to notice some points which are independent of the main questions, and of the mode of taking the accounts.

1. Upon the showing of the plaintiffs, the children of Excey are not proper parties. They can assert no claim to her property in action, except through her personal representative. The complaint should be amended in that respect by making her administrator a party in lieu of her children.

2. It is clear that no recovery can be had against the administrators of Abram Sudderth in the face of their denial of assets, without an account being taken of their administration.

3. Such an account being necessary, Lycurgus Howell and his wife, and also the widow of Abram Sudderth are proper parties because they are interested on the account.

4. Although the plaintiffs, if they recover at all, will each have a separate judgment in his favor, yet they are tenants of

W. A. HAGLAR AND WIFE *et al v.* R. D. McCOMBS.

a common fund, and the judgments to be given will affect them all. They are all therefore properly made plaintiffs.

Having thus cleared the case of these minor questions, I return to the exceptions.

The plaintiff's exceptions may be reduced to two :

*Exception* 1. That the property and money given to them by their father in his life time, was given by way of advancement, and cannot properly be set off in abatement of their present claims which are debts.

*Answer.* That would be true, if it appeared that the supposed gifts had been professedly made as gifts or advancements. A debtor may undoubtedly make a gift to his creditor, and leave the debt unpaid. In the case of a delivery of money or property by a debtor to a creditor without consideration at the time, they being strangers, the presumption would be very strong that such transfer was not a gift, but a sale or payment. And although undoubtedly in the case of a transfer under such circumstances by a parent to a child, the presumption would be more easily rebutted, yet we think upon the naked facts, the presumption must be against its being a gift. In the present case, it is a question to be determined upon the circumstances, whether the property and money put in posssession of the plaintiffs, or paid to or for them, was intended by the father as a payment of a debt which he owed them, or as a gift which still left the debt unpaid. There is no direct finding upon this question, nor any direct evidence upon it. In fact the question itself is not anywhere distinctly stated. It seems to be assumed that the supposed gifts were intended as advancements. In the absence of all direct evidence, and of circumstances other than those stated, we think the presumption would be that the father intended to pay his children what he owed them, rather than to make gifts to them, leaving the debts unextinguished and subsisting. Just as if a father has agreed to give a portion to a daughter during his life, which is left unpaid at his death, a legacy to her in his will, is generally pre-

sumed to be in payment of the portion ; though the presumption is liable to be rebutted by proof of circumstances indicating a contrary intention. 2 Story Eq. Jur. secs. 1108 & 1109. *Taylor* v. *Lanier*, 3 Mur. 98.   This exception is therefore overruled.

*Exception* 2. That the sums paid to or for the husbands of Mrs. Dean and Mrs. Williams, ought not to be allowed as against them, because they were paid by Abram Sudderth on notes to which he had become surety for their respective husbands.

*Answer.* It can scarcely be contended that a gift of property to a son-in-law, would not be *prima facie* an advancement to the wife ; and this being so, no reason is seen why the payment of the husband's debts would not be equally an advancement ; and no reason is seen why the father's having become surety for those debts should make the payment the less an advancement.   The same reasoning would seem to apply to a case where the father was a debtor to the daughter before her marriage.   The husband was entitled to receive payment, and the question is at last as to the intention of the parties, as to whether it was in fact a payment or a gift.

This exception is therefore overruled.

*The defendant's exceptions* are very numerous.   I will endeavor to abbreviate what is to be said upon them by grouping several of the same sort together.

*Exception* 1. That no credit was allowed the father for the necessary expenses of the negroes received by him, while in his possession.

*Answer.* The auditor charged the intestate with the sum for which he sold one of the negroes with interest from the sale. Clearly this was right, and it is not accepted to.   They then charged him with the annual value of the services of the other negroes up to their emancipation.   We must assume that this was, as it ought to have been, the net value, after an estimate of the usual attendant expenses.   As to whether it was a cor-

rect valuation in fact or not, we are not called on to say. No question of that sort appears to have been distinctly presented to the Judge below, or to have been found by him.

This exception is overruled,

But we no not wish to be understood as saying that this account is taken on a correct principle. I shall remark on that after disposing of the exceptions.

2. *Exception.* That the father was not credited with the support of his children (during their minority, as we understood it.)

*Answer.* A father is bound to support his children during minority if he be of ability to do so, whether they have pro perty or not, and he is entitled to their earnings. If the father be idigent, and the children have property, the proper Court may apply a portion of their income to his assistance ; without such order he cannot touch it. *Walker* v. *Crowder*, 2 Ire., Eq. 478.

This exception is overruled.

3 *Exception.* That the intestate was not allowed any commissions for managing the property of the plaintiffs.

*Answer.* A trustee is generally entitled to commissions. But here the intestate was only a trustee by reason of his being one of the executors of Hennessee. He was not the guardian of his children so as to entitle himself to the care of their property. He voluntarily assumed it, no doubt, from motives of affection and therefore at least excusably. He kept no accounts. He never accounted for the fund, or paid it over in specie, though he may have paid other property of equal or greater value. He never charged and probably never desired commissions. We think he is not entitled to any.

This exception is overruled.

4 *Exception.* That Nelson A Powell is not a party.

*Answer.* I have not seen on the pleadings how Powell is interested. If he ought to be a party, the pleadings can be amended to make him so ; and if this be not done, the defendants can have the benefit of the point hereafter.

Having thus disposed of the exceptions, as it was necessary to do, it will be seen that none of them go distinctly to the merits of the case. It is necessary, therefore to go on and indicate what we conceive to be the questions really arising on the facts pleaded, and which must be decided in order to settle the controversy between the parties upon its merits.

The first question is, did Sudderth convert to his own use or intend so to convert the negroes received by him for his children, or did he continue to hold them as the property of his children up to their emancipation? We say did he convert or *intend* to convert: because although it was not in the power of Sudderth the father, by any act or intention of his not assented to or acquiesced in by the plaintiffs, to transfer their property in the negroes to himself, or to prevent their following in the hands of third persons, yet if he showed by his manner of dealing with the negroes that he regarded them as his own, and upon that footing made payments to the plaintiffs which they received, it would be evidence of their assent to the conversion, which, in the absence of fraud or some other equitable element of like force, would bind them, so that they could not afterwards deny it. And upon this question the facts (if they be facts,) that Sudderth never became guardian for his children, or made any returns of the hire of the negroes for their benefit, or accounted to them for the hire, as all his other dealings with respect to the negroes, would be evidence from which a conversion would be inferred ; or from which it might be inferred that he *intended* to keep those negroes as his own, and to give his children (the plaintiffs) other property in lieu of them, in which they acquiesced.

The second question can only arise if it be found that he did convert them. In that event the question would arise, which I have before adverted to, whether the supposed gifts to his children were intended as payments of the debt incurred by the conversion, or as advancements out of his own estate, leaving that debt subsisting in full. And in case the

conversion is found, this second question would be subject to the presumptions I have suggested.

The parties would probably be entitled to have these questions tried by a jury, and in such a case the Judge should take care properly to instruct the jury as to the presumptions which should guide them in the absence of countervailing evidence. If the conversion be found the presumption would exist that the supposed gifts were intended as payments on the debt so incurred. In that case it will also follow that Sudderth must be charged with the value of the negroes at the time of the conversion, and the plaintiffs will each recover his proportionate share of such value, with interest if thought proper to be given, subject to such payments as have been made to him.

If however it be found that Sudderth continually kept the negroes as the property of his children, he being simply their bailee or trustee, then the mode of making out the present account against him will be correct. There can be no ground for contending that the supposed gifts were payments on a debt found not to exist. They must be regarded as advancements, not to be deducted from the amount of the debt or damages against Sudderth, but to be charged against the children in the settlement of their distributive shares of his estate. In either point of view the mode adopted in making out the accounts of the gifts to the children is wrong. They must be charged with the value of the property delivered as payments, or advancements, which ever they may be, at their respective dates. The negroes paid or given to them in either case were theirs, and the loss by death or emancipation was theirs. In this view of the case no question is now presented as to the statute of limitations. The case is remanded to be proceeded in according to this opinion which will be certified. Neither party will recover costs in this Court in either case.

PER CURIAM.                    Cause remanded.

The same judgment is given in No. 300.          23