LYNN SANDERS AND J. D. SANDERS BY THEIR NEXT FRIEND, W. J. PRATT, v. R. M. SANDERS.

CLARK, C. J. This action is brought by the two children named in the above decree, by their next friend, against the same defendant, their father, asking for a decree of maintenance. It is intended to present the question whether the father can be decreed to support the children. The judge below sustained a demurrer upon the ground that there ·was no cause of action.

There can be no controversy that the father is under a legal as well as a moral duty to support his infant children (*Walker v. Crowder,* 37 N. C., 487), and, if he has the ability to do so, whether they have property or not. *Hagler v. McCombs,* 66 N. C., 345. There is a natural obligation to support even illegitimate children which the law not only recognizes, but enforces. *Burton v. Belvin,* 142 N. C., 153; *Kimbrough v. Davis,* 16 N. C., 74. Besides, the failure to support his children is a crime. Rev., 3355; *S. v. Kerby,* 110 N. C., 558.

The liability of the father primarily to support the children remains as well after, as before a divorce, and even where the custody of the children has been awarded to the mother. 14 Cyc., 812; 9 A. and E. (2 Ed.), 871.

The relief asked, however, having been granted in the proceeding above, this action was improvidently brought.

Action dismissed.

WALKER, J., concurs in result.