In re JAMES LESLIE ALBERTSON.

(Filed 24 January, 1934.)

1. **Habeas Corpus B e—**

   In *habeas corpus* proceedings for the custody of a minor child either party may appeal to the Supreme Court from final judgment. C. S., 2242.

2. **Divorce F a—Upon separation custody of children may be determined by habeas corpus, but after divorce procedure is by motion in cause.**

   Construing C. S., 1664 and 2241 together it *is held* that where husband and wife have separated without being divorced the right to the custody of minor children may be determined by *habeas corpus* proceedings, but where the parties have been divorced and the decree does not award the custody of the children, the procedure to determine the right to their

custody is by motion in the cause, and *habeas corpus* will not lie, and where in *habeas corpus* proceedings a decree for absolute divorce between the parties is introduced in the record without objection, but the court makes no finding as to whether the parties had been divorced, but awards the custody of the child to its mother, on appeal the case will be remanded for a finding as to whether the parties had been divorced.

3. **Same—Agreement in deed of separation does not preclude court from awarding custody of child in divorce action.**

A deed of separation between husband and wife containing an agreement for the custody of their minor child does not preclude the court, upon granting a decree for absolute divorce in a suit brought subsequent to the deed of separation, from awarding the custody of the child in accordance with the statute. C. S., 1664.

APPEAL by respondent W. H. Albertson from *Sink, J.,* at Chambers, 24 June, 1933. From GUILFORD. Error and remanded.

*Habeas corpus* to determine the custody of James Leslie Albertson, an infant, eight years of age. The mother of the infant is Mrs. Grace Albertson the petitioner and the father is W. H. Albertson the respondent. These parties were married to each other on 19 June, 1923, and their son was born on 6 November, 1926. In September, 1929, they separated and on 26 February, 1930, they executed an agreement of separation which contains this paragraph: "The said wife shall have the sole and exclusive custody, care and control of the child of the parties hereto, to wit, Leslie, age five years, except that the husband shall have the privilege of seeing the said child at any time he desires."

There is evidence that thereafter the respondent instituted an action against the petitioner for absolute divorce in the municipal court of the city of High Point and that at September Term, 1932, he was granted a decree dissolving the bonds of matrimony. The court made no order as to the custody of the child; but on 9 June, 1933, the respondent took him from the petitioner and placed him in the home of a family in Randolph County. On the next day the petitioner obtained a writ of *habeas corpus* and at the hearing Judge Sink awarded the custody of the child to the mother, finding that she is a fit and proper person to whom to commit his custody and control. The respondent appealed.

*T. W. Albertson and Walser & Casey for appellant.*
*Thomas Turner, Jr., for appellee.*

ADAMS, J. No question is made as to the right of appeal, the statute providing that in all cases of *habeas corpus* where a contest arises in respect to the custody of minor children, either party may appeal to the Supreme Court from the final judgment. C. S., 2242; *Stokes v. Cogdell,* 153 N. C., 181.

In his answer to the petition for the writ the respondent alleges that after the deed of separation was executed he was granted a decree by which the marriage relation between the petitioner and himself was dissolved; and at the hearing he introduced without objection a written instrument purporting to be a judgment of the municipal court of the city of High Point in the case of W. H. Albertson *v.* G. P. Albertson dissolving the bonds of matrimony between these parties. In the present case the judgment awarded the custody of the child to the mother, but Judge Sink made no reference to the decree of divorce and recited the fact that by agreement contained in the deed of separation the custody of the child had been committed to the petitioner.

If the parents of James Leslie Albertson have been granted an absolute divorce, the controversy in the case before us is similar to that which arose in the case of *Natalie Blake,* 184 N. C., 278. There a petition for *habeas corpus* was filed by the mother of the child against Hubert M. Blake, the child's father. The petitioner had previously been divorced from the respondent in the Superior Court of Mecklenburg County, but the custody of the child had not been determined. The court hearing the writ of *habeas corpus* awarded the custody of the child to the mother and the respondent appealed. This Court found error in the order chiefly upon provisions contained in sections 1664 and 2241 of the Consolidated Statutes. In the former section it is provided that after the filing of the complaint in an action for divorce, either from the bonds of matrimony or from bed and board, both before and after final judgment therein, it shall be lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition, and maintenance of minor children of the marriage as may be proper, and from time to time to modify or vacate such orders; also that the judge may commit the custody and tuition of such infant children to the father or mother as may be thought best, or alternately to one of them for a limited time and thereafter to the other.

Section 2241 has the following provision: "When a contest shall arise on a writ of *habeas corpus* between any husband and wife, who are living in a state of separation, without being divorced, in respect to the custody of their children, the court or judge, on the return of such writ, may award the charge or custody of the child or children so brought before it either to the husband or to the wife, for such time, under such regulations and restrictions, and with such provisions and directions as will, in the opinion of such court or judge, best promote the interest and welfare of the children." For good cause the court or judge may annul, vary, or modify the order.

In the *Blake case* this Court held that the parents must be living in a state of separation, "without being divorced," before the court can

exercise power by proceedings in *habeas corpus* to determine the custody of a child, and that as the parents had been divorced and freed from the bonds of matrimony, relief should have been sought by motion in the original cause. The interrelation of the two sections (1664 and 2241) is obvious. The Legislature intended that in cases in which the parents have been divorced the custody of children should be determined by the court in which the divorce was granted, and if there has been no divorce and the husband and wife are living in a state of separation, by proceedings in *habeas corpus*.

In the pending case the respondent offered in evidence a purported decree of divorce between the petitioner and the respondent, but the record contains neither an admission nor a finding of fact that the marriage relation has been dissolved. . An intelligent disposition of the appeal depends upon the determination of this question; if the bonds of matrimony have been dissolved the relief sought cannot be administered by the writ of *habeas corpus*.

The appellee suggests that the municipal court of the city of High Point has no jurisdiction in actions for divorce, but jurisdiction is claimed by virtue of the Public-Local Laws of 1927, chap. 699, amending the Public-Local Laws of 1913, chap. 569, by which the court was created and organized. The asserted invalidity of the divorce does not appear in the decree or the record and we cannot consider the collateral question whether the act creating the court transgressed any constitutional limitations.

The agreement in the deed that the petitioner should have the care and control of the .child cannot deprive the court of its power to adjudicate the custody. 19 C. J., 347, sec. 804; 30 C. J., 1059, sec. 836.

The cause is remanded to the Superior Court for a specific finding on the contested question whether the marriage relation between the petitioner and the respondent has been dissolved.

Error and remanded.