MRS. C. V. TYNER v. DR. C. V. TYNER.

(Filed 20 June, 1934.)

1. **Divorce F a—In an action for divorce the court has jurisdiction before or after final judgment to award custody of minor children.**

   Upon the institution of an action for divorce from bed and board the court acquires jurisdiction of the minor children of the parties which is not divested by a consent judgment on the issue of divorce entered in the cause with the approval of the court, especially where such consent judgment expressly provides that either party might thereafter make a motion in the cause for the custody of the children, the court having the power in an action for divorce, either absolute or from bed and board, before or after final judgment, to enter orders respecting the care and custody of the children, C. S., 1664.

2. **Divorce F b: Appeal and Error J e—Exceptions held to have become immaterial upon judgment that husband have custody of children.**

   Upon the hearing of a motion for the custody of the minor children in an action for divorce from bed and board, exceptions to the court's holding that a consent judgment entered in the cause determined the claim of the wife against the husband for the maintenance of the children, and to the court's finding that the wife was able to provide for the children at such times as they might visit her, become immaterial where the court awards the custody of the children to the husband.

3. **Same: Appeal and Error J c—Court's findings upon conflicting evidence are conclusive on appeal.**

   The court's findings upon a motion for the custody of the minor children in an action for divorce from bed and board that the husband was a fit, suitable and proper person for the care and custody of the children and his finding that it was to the best interest of the children that he be given their custody, and his failure to find that the wife was a fit, suitable and proper person for their custody, will not be disturbed on appeal where such findings are based upon conflicting evidence, the findings of the court, when supported by evidence, being conclusive.

TYNER *v.* TYNER.

**4. Divorce F c—Judgment awarding custody of children to father held proper upon facts found by the court.**

The father has a prior right to the custody of his minor children against his wife and third persons, which right is subject to the paramount consideration of the welfare of the children, and where upon a motion for the custody of the minor children in an action for divorce the court finds that the father is a proper person for their care and custody, and that it is to the best interest of the children that he be given their custody, and fails to find that the wife is a suitable person for their custody, the court's judgment that the husband be awarded their custody is proper, and further provision in the judgment that the wife should be allowed to visit and associate with the children, and have them visit her subject to the husband's right to their care and custody is approved upon the court's finding that the wife is a woman of good character, and a proper and suitable person for the children to know and associate with.

CLARKSON, J., concurring.

STACY, C. J., and BROGDEN, J., dissenting.

MOTION in the cause by plaintiff to have determined the custody and maintenance of her two minor children, before *Alley, J.,* at February Term, 1934, of ROCKINGHAM. Affirmed.

This action was instituted by the plaintiff for a divorce *a mensa et thoro,* for custody of her two children and for maintenance for herself and children. The parties to this action entered into a consent judgment on 18 December, 1933, before Judge Clement, which contained the following provisions: "That this judgment shall not affect the right of the parties hereto in respect to the custody of their children but shall operate as a final determination of all matters in the pleadings except the custody of said children, and either party to this action may, upon notice to the other or to counsel for the other, by motion in the cause herein have the custody of said children determined at any time without prejudice on account of this judgment." After notice, and in accord with the foregoing provision of the judgment and the statute, the plaintiff lodged this motion, which came on to be heard by Judge Alley, then holding the courts of the Eleventh District, who, after hearing a large number of affidavits and privately examining the children themselves, found the facts, declared the law, and signed judgment awarding the custody of the children to the defendant. Plaintiff excepted and appealed.

*Sharpe & Sharpe and Harry L. Fagge for appellant.*
*Brown & Trotter, Glidewell & Gwyn and Varser, McIntyre & Henry for appellee.*

SCHENCK, J. The appellant makes six assignments of error which we will discuss *seriatim.*

"1. That his Honor erred in signing the judgment set out in the record." In plaintiff's brief she takes the position that the court was without jurisdiction in this action to determine the custody of the children. We think this untenable. The plaintiff instituted this action under C. S., 1664, which provides that in actions for divorce, either absolute or from bed and board, the judge both before and after final judgment may make orders respecting the care and custody of children. The court acquired jurisdiction of the children upon the institution of this action, and was not divested thereof by the consent judgment, and especially is this so since the very judgment itself provides that "either party to this action may . . . by motion in the cause herein have the custody of said children determined at any time without prejudice on account of this judgment."

"2. That his Honor erred in holding that the consent judgment entered into between the parties was a full settlement of any claim which the plaintiff may have against the defendant for maintenance for any child or children which might be awarded to the plaintiff temporarily or otherwise." We are inclined to the opinion that his Honor's construction of the contract between the parties, evidenced and sanctioned by the consent judgment, is a correct one, but since the custody of the children was not awarded to the plaintiff the question presented becomes immaterial.

"3. That his Honor erred in finding as a fact that Dr. Tyner is a capable, fit, and suitable person to have the custody, care, maintenance, and education of his minor children." While there is evidence to the contrary, there is an abundance of evidence to sustain the finding of fact of which the plaintiff in this assignment complains.

"4. That his Honor erred in failing to find as a fact that Mrs. Tyner is a fit, suitable and proper person to have the custody, care, and education of her minor children." While there is much evidence tending to show that Mrs. Tyner was a proper person to have the custody and care of her children, there was evidence to the contrary, and his Honor, upon careful consideration of all the evidence, viewed with its local coloring, failed to find that she was such a person, and went only so far as to find: "That the plaintiff, Mrs. C. V. Tyner, is also a woman of good character and reputation; that she is a fit, suitable and proper person for said children to know and associate with, and the court further finds as a fact that they be permitted to know and to associate with their mother."

"5. That his Honor erred in finding that Mrs. Tyner is able to provide for and maintain said children during such times as they may visit her and be in her custody." Since the plaintiff would not be required to provide for or maintain the children during such time as

they may "visit" her, and since the custody of the children has not been awarded her, the question raised by this assignment likewise becomes immaterial.

"6 That his Honor erred in finding that it is to the best interest of said two minor children that their custody and care and education be awarded to their father, Dr. Tyner." There is much evidence to sustain this finding, and much to the contrary. The conscientious judge heard it all, took it under advisement for many days and nights, interviewed privately the children themselves, and doubtless after much travail, made this finding, which was the crucial one in the case.

"The findings of fact by the court, there being evidence on both sides, is binding and conclusive on appeal." *Shoof v. Frost,* 127 N. C., 307; *Daugherty v. Comrs.,* 183 N. C., 152; *In re Hamilton,* 182 N. C., 44.

Upon the findings of fact that the defendant was a proper person to have the custody of the children, and that it was to the best interest of the children that he have such custody, the court properly concluded and adjudged that the defendant was entitled to the custody of the two minor children; especially was this so in view of the failure of the court to find that the plaintiff was a proper party to have such custody, and of the general and common-law rule that the father has the prior right of custody. We are glad, however, that the court softened the rigor of its judgment by providing that the mother is to have the right to visit her children and to have access to their place of abode, and to associate with them so long as she does not attempt to take them from the State beyond the jurisdiction of its courts.

In determining the custody of children, their welfare is the paramount consideration. Even parental love must yield to the claims of another, if, after due judicial investigation, it is found that the best interest of the children is subserved thereby.

The law applicable to this case is clearly stated in the often cited case of *Newsome v. Bunch,* 144 N. C., 15, where *Walker, J.,* says: "The father is, in the first instance, entitled to the custody of his child. But this rule of the common law has more recently been relaxed and it has been said that where the custody of children is the subject of dispute between different claimants, the legal rights of parents and guardians will be respected by the courts as being founded in nature and wisdom, and essential to the virtue and happiness of society; still, the welfare of the infants themselves is the polar star by which the courts are to be guided to a right conclusion, and, therefore, they may, within certain limits, exercise a sound discretion for the benefit of the child, and in some cases will order it into the custody of a third person for good and sufficient reasons. *In re Lewis,* 88 N. C., 31; Hurd on *Habeas*

*Corpus,* 528 and 529; Tyler on Infancy, 276 and 277; Schouler on Domestic Relations, sec. 428; 2 Kent's Com., 205. But as a general rule, and at the common law, the father has the paramount right to the control and custody of his children, as against the world; this right springing necessarily from and being incident to the father's duty to provide for their protection, maintenance and education. 21 A. & E. Enc., 1036; 1 Blackstone (Sharswood), 452, and note 10, where the authorities are collected. This right of the father continues to exist until the child is enfranchised by arriving at years of discretion, 'When the empire of the father gives place to the empire of reason.' 1 Blk., 452."

In *Patrick v. Bryan,* 202 N. C., 62, we find: "In Peck, Domestic Relations, 3d ed. (1930), chapter 18, p. 371, section 30, it is said: 'The father has at common law an unquestioned right of custody and control over his minor children as against the mother, and still more clearly as against any third person.' " This rule, though it may at times be a harsh one, has been mollified only when the best interest of the children required it.

One cannot read the record in this case without being impressed with the tragic problem that is presented, and the well-nigh insurmountable barriers to its satisfactory solution. When father and mother cannot agree who shall have the care and nurture of those who are bone of their bone and flesh of their flesh, a grave responsibility is cast upon the court when it is called upon to make the determination. It is apparent that the judgment in this case was made only after careful and painstaking investigation and examination, and if it calls for sacrifices by the plaintiff she must be reminded that the court was compelled to deal with the facts as it found them and that "its foundation is the law of the land, which, as well as the moral law, oftentimes requires such offerings to be made." *In re D'Anna,* 117 N. C., 462. The judgment is

Affirmed.

CLARKSON, J. I concur in the able and clearly written opinion of *Mr. Justice Schenck.* The unfortunate separation between husband and wife, who have children and the custody, care, maintenance and education is a much perplexed problem of the courts.

Soloman, the wisest man, had to decide between two women, over the custody of a child and was able to do so with much wisdom. When parents separate and can't agree as to the custody, care, maintenance and education of their children, this matter is frequently brought into the courts to determine, as in the present case. The findings of fact in the courts below are ordinarily conclusive on this Court and rightly so.

The court below sees those most vitally interested, examines the evidence and is in a better position to render justice on all the facts.

In the present case, the court below heard 43 affidavits on behalf of plaintiff, and 48 on behalf of defendant, conferred privately with the two boys whom the father and mother were contending over. In the judgment of the court below is the following: "Whereupon, upon a full and careful consideration of the pleadings, affidavits and evidence introduced, the oral arguments of counsel and the briefs filed for both the plaintiff and the defendant, it is therefore, considered, ordered, adjudged and decreed by the court that the custody, care, maintenance and the education of the said Kenneth Tyner and Hugh Tyner be, and they are hereby awarded to their father, Dr. C. V. Tyner, subject, however, to the right of their mother, Mrs. C. V. Tyner, to visit said children wherever they may be within the State of North Carolina, and wherever she may desire, within said State, and to that end, it is adjudged, decreed, and ordered that she shall have the right of ingress, egress and regress to the home or place of abode of the defendant, Dr. C. V. Tyner, wherever the same and said children may be, from time to time. That said minor children shall likewise be privileged, and it is hereby adjudged that they shall have the right from time to time to visit their said mother, Mrs. C. V. Tyner, in the home of the said Mrs. C. V. Tyner, or such other place as she, the said Mrs. C. V. Tyner, may reside within the State of North Carolina, provided however, and it is so adjudged that the said Mrs. C. V. Tyner shall not at any time be permitted to carry said children, or either of them, at any time they may visit her or otherwise, out of the State of North Carolina or beyond the jurisdiction of its courts. That at all times the rights of the plaintiff, Mrs. C. V. Tyner, to visit the said children and to have them visit her as aforesaid, shall be subject to the superior rights of their father, Dr. C. V. Tyner, to the custody of said children as provided and adjudged in this order and decree."

Judge Alley, a most human judge, who heard this case in the court below, in his judgment, says that "over a period of several days and nights, made a careful study of the pleadings filed in said cause and a large number of affidavits filed in said cause by both parties. That the cause was argued at length by several counsels representing both the plaintiff and defendant; that after reading and studying the pleadings and affidavits, and after considering arguments of counsel, the court took said minor children into his room at the hotel in private conference, when and where he discussed with said children their attitude toward both of their said parents, and after a full consideration of the pleadings, affidavits and arguments of counsel."

The court below found the facts—this was in its sound discretion and conclusive on this Court. In the conclusion of law, I think they are bottomed on the well settled opinions of this Court.

STACY, C. J., and BROGDEN, J., dissenting: A mother, who is "of good character . . . a fit, suitable and proper person for (her) said (minor) children to know and associate with . . . able to provide for and maintain said children during such times as they may visit her," ought not to be deprived by the law of all right to their custody or keeping. The privilege of visitation, under the facts of this record, would seem to be inadequate as a substitute for such right. It would apparently do no injustice to anyone to give to the plaintiff the right to the custody of her children for a part of the time. *Clegg v. Clegg,* 186 N. C., 28, 118 S. E., 824.