CATHERINE DeLANCEY WEBSTER v. S. J. WEBSTER.

(Filed 2 March, 1938.)

1. Judgments § 1—

A consent judgment is the contract of the parties entered upon the records with the sanction of the court, and the judgment must be construed in the same manner as a contract to ascertain the intent of the parties.

2. Divorce § 17—Consent judgment for support of child held to require payments only for such time as child was in custody of mother.

Under the provisions of a consent judgment defendant paid his wife a certain sum in complete settlement of alimony, and agreed to pay a stipulated sum monthly for the support of their minor child, the judgment providing that the wife should have the custody of the child except for one week each month. The wife voluntarily permitted the husband to have the custody of the child for longer periods than those provided in the consent judgment: *Held:* The wife is entitled to receive sums for the support of the child only for the number of days he was actually cared for by her at the rate per day allowed in the consent judgment, and the wife's contention that she was entitled to the full amount stipulated in the consent judgment is untenable, since this would require him to pay sums in excess of the amount agreed upon for the daily support of the child, which would inure to the benefit of the wife with whom full settlement had been made.

APPEAL by defendant from *Bivens, J.,* at Chambers, 1 December, 1937, of ROKKINGHAM. Reversed.

*Glidewell & Glidewell and Allen H. Gwyn for plaintiff.*
*Sharp & Sharp and J. Hampton Price for defendant.*

DEVIN, J.  The question presented by this appeal arose upon a motion by the plaintiff to require the defendant to comply with the terms of a consent judgment previously rendered in the cause by Judge Harding and to require the payment by the plaintiff of the full sum of $20.00 per month as therein agreed for the use and benefit of the minor child of the parties.

The material portions of the consent judgment entered by Harding, J., are as follows:

"This cause coming on to be heard and it appearing to the court that all issues, matters, and differences between the plaintiff and defendant with relation to alimony and with relation to the maintenance, care and custody of their minor child, Jack Webster, Jr., have been agreed upon, settled and compromised with the approval of the court.  It appearing that the defendant, S. J. Webster, has agreed to pay the plaintiff, Catherine DeLancey Webster, the sum of twenty dollars per month for the use and benefit of Jack Webster, Jr., and in addition thereto the said defendant, S. J. Webster, is to purchase and furnish such clothing as may be reasonably necessary for said minor child; it appearing that the parties hereto have agreed that the plaintiff, Catherine DeLancey Webster, shall have the care, custody and tuition of said minor child with the exception of one week out of each month, and that the defendant, S. J. Webster, is to have the care and custody and tuition of said child for at least one week during each month, said child to be carried to and from his mother's home by the said defendant, and it appearing to the court that the agreement herein recited is to the best interest of said minor child:

"It is therefore considered, ordered, and adjudged that the defendant, S. J. Webster, be and is hereby ordered and directed to pay to the plaintiff, Catherine DeLancey Webster, the sum of twenty dollars, payable each month for the use and benefit of Jack Webster, Jr.; that said defendant is ordered and directed to purchase and otherwise provide for Jack Webster, Jr., reasonable and necessary clothing; that said minor shall be and remain in the care and custody of his mother, Catherine DeLancey Webster, with the exception of one week out of each month, and during said one week the defendant, S. J. Webster, shall have the right and privilege to take said minor child to his home and there to maintain and care for him during said time; it is ordered and adjudged that both plaintiff and defendant shall have reasonable access to said minor at all times for the purpose of visiting and otherwise seeing said child during either sickness or health."

It was further provided in the Harding judgment that defendant pay the plaintiff $500 in complete settlement of all claims of alimony.  This it is admitted has been complied with.

After consideration of the affidavits of the parties, in connection with the recited consent judgment, Judge Bivens found the facts and rendered judgment as follows:

"This cause coming on to be heard before his Honor, E. C. Bivens, judge holding the courts of the 21st Judicial District, upon an order served on defendant to show cause why he should not be attached for contempt for failure to comply with the terms of a judgment heretofore entered in this cause, and being heard, the court finds the following facts:

"1. That the judgment, a copy of which is hereto attached, was signed by Harding, J., and consented to by the parties and their counsel.

"2. That plaintiff has not kept the child for the length of time allotted to her, but has requested and voluntarily permitted defendant to keep said child longer than his allotted time; that since the signing of the judgment plaintiff has kept the child 13 weeks and the defendant has kept said child 20 weeks.

"3. That defendant has paid plaintiff the sum of $70.00, which covers the number of days during which plaintiff has had the child at the rate of $20.00 per month.

"4. That defendant contends that under the terms of the judgment he is only liable for the actual number of days the child stayed with plaintiff and was actually cared for by her, whereas plaintiff contends that defendant is obligated to pay her $20.00 per month, irrespective of the number of days she has kept the child.

"5. That at the time of the signing of the judgment defendant and his counsel believed that the stipulation for the payment of $20.00 per month to the plaintiff would apply only in the event that she kept the child her allotted time, or proportionately, if a part of the time.

"Upon the foregoing facts the court holds as a matter of law, upon an interpretation of the judgment, that defendant is bound to pay plaintiff the sum of $20.00 per month, irrespective of whether or not she keeps said child all her allotted time or any part of it or at all. The court, however, does not adjudge plaintiff (defendant) in contempt, but orders that he pay plaintiff at the rate of $20.00 per month from the date of the judgment hereto attached."

The consent judgment entered by Judge Harding was nothing more than a contract between the plaintiff and defendant, with respect to the "maintenance, care, and custody" of their minor child, which had the sanction of the court and was spread upon its records. *Cason v. Shute,* 211 N. C., 195; *LaLonde v. Hubbard,* 202 N. C., 771, 164 S. E., 359. Considering it in that light, it is apparent that the defendant contracted to pay $20.00 per month for the support of the child conformably to the stipulation for the "care, custody and tuition" of the child by the

plaintiff for the entire time, with the exception of one week out of each month when the custody and support of the child devolved upon the defendant.

It was found by the trial judge, without objection by the plaintiff, that the plaintiff requested and voluntarily permitted defendant to keep the child longer than the time specified, and that "since the signing of the judgment plaintiff has kept the child 13 weeks and the defendant has kept the child 20 weeks," and that defendant has paid the amount for the time plaintiff had the child at the stipulated rate.

While the agreement provided for the payment of a specified amount each month, the plaintiff may not be held entitled to require the full payment of this sum by defendant when she voluntarily relinquished the custody and support of the child to the defendant for the greater portion of the time since the consent judgment was signed. To hold, as ruled by the court below, that the defendant is bound to pay the full amount of $20.00 per month for the care of the child, whether the plaintiff keeps the child any part of the time or not, would seem to impose upon the defendant an obligation which he did not assume, and result in the requirement of additional payments for the sole benefit of the plaintiff, with whom a complete settlement has been had. This cannot be held to have been in contemplation of the parties or in accord with their intent.

The judgment of the Superior Court must be reversed with directions that defendant be required to pay to the plaintiff only such sums as may be found to be due her for the support of the child when kept by her in substantial compliance with the agreement, as evidenced by the consent judgment, and not for periods during which the plaintiff may have voluntarily relinquished the custody and support of the child to the defendant in excess of the time specified.

Reversed.