C. O. STORY v. EDNA STORY.

(Filed 18 March, 1942.)

**1. Parent and Child § 5—**

The father is primarily liable for the support of his child both before and after divorce, even where the custody of the child is awarded to the mother.

**2. Divorce § 16—**

Upon institution of a divorce action the court acquires jurisdiction over any child born of the marriage and may hear and determine questions both as to the custody and as to the maintenance of such child either before or after final decree of divorce. C. S., 1664.

**3. Same—**

The inherent and statutory authority of the court to protect the interests and provide for the welfare of infants cannot be affected by agreement or consent judgment entered into by the child's parents in an action for divorce, and the court has jurisdiction to modify provisions for the support of a child of the marriage, even though such provisions are stipulated in a consent order entered in the divorce action.

**4. Same: Judgments § 24—**

In the husband's action for absolute divorce, an order was entered by consent awarding the custody of the child of the marriage and stipulating that the husband pay a certain amount monthly for the support of the wife and child, and that the cause be retained for further orders. Thereafter decree of absolute divorce was entered. *Held:* By the very.terms of the agreement the court retained jurisdiction, and had authority, upon the wife's subsequent motion in the cause, to direct the husband to pay an increased amount for the support of the child alone.

**5. Divorce § 16—**

The Superior Court has jurisdiction under C. S., 1664, to modify an order for the support of a child of the marriage entered in the husband's action for absolute divorce, and may do so upon the wife's motion in the cause made subsequent to the rendition of the decree of absolute divorce, C. S., 1665 and 1667 not being applicable.

APPEAL by plaintiff from *Phillips, J.,* in Chambers at Rutherfordton, N. C., 26 September, 1941. From POLK. Affirmed.

Civil action for divorce heard on motion in the cause for an increased allowance for the support of an infant child of the marriage.

On 16 July, 1937, plaintiff instituted this action for divorce on the grounds of two years separation. In his complaint he alleged that one child was born of the marriage who was then in the custody of the defendant, and prayed the court that it, after due inquiry, "award the custody of said Mary Frances Story either to the plaintiff or the defend-

ant," etc., and that the court "award such allowance for the support of said child as to the court may seem just and right, and within the means of the plaintiff to pay." The defendant answered and joined in the prayer that the court award the custody and provide for the maintenance of said infant.

On 2 September, 1938, during the August Term, 1938, Polk Superior Court, Pless, J., entered an order by consent of the parties awarding the custody of said child to the defendant subject to certain stipulations therein contained and directed that the plaintiff pay into the office of the Clerk of the Superior Court of Polk County $25.00 per month to be paid by the clerk to the defendant "for the use and benefit, support and maintenance of herself and the offspring of the marriage of the parties, which said amount shall be in payment of all liability and responsibility of the plaintiff to the defendant for said purpose." On 3 September, 1938, during the same term, judgment of divorce absolute, on issues duly answered by the jury, was entered.

Thereafter plaintiff made a motion in the cause for a modification of said order. This motion was heard 9 April, 1941, and the order was modified so as to award part time custody of said child to plaintiff and permit him to visit the child during the periods it was in the custody of the mother.

On 11 August, 1941, defendant served notice on the plaintiff of a motion for further modification of said order. This motion came on to be heard before Phillips, J., 26 September, 1941, in chambers at Rutherfordton, N. C., at which time plaintiff likewise moved for a modification thereof. Upon the hearing of this motion the judge below, after finding certain facts, awarded the permanent custody of the child to the defendant and ordered that the plaintiff pay into the office of the Clerk of the Superior Court of Polk County, "for the use and benefit of said Mary Frances Story the sum of $35 per month." The plaintiff excepted and appealed.

*Massenburg, McCown & Arledge for plaintiff, appellant.*
*C. O. Ridings and Wade B. Matheny for defendant, appellee.*

BARNHILL, J. The only exception presented for consideration is the exception to the judgment. The plaintiff bottoms his assignment of error primarily upon the contention that the original order constituted a consent judgment of the parties and that by reason thereof it is not subject to modification by the court.

In the consideration of this assignment it must be noted in the beginning that the original order expressly provided that "this cause is retained for further orders upon proper notice." It must be further noted

that while the original order provided that the stipulated payments were to be made "for the use and benefit, support and maintenance" of the defendant and the child, the last order, from which the plaintiff appealed, provided for payment for the support of the child only.

The father is primarily liable for the support of his child both before and after divorce, even where the custody of the child is awarded to the mother, *Sanders v. Sanders,* 167 N. C., 319, 83 S. E., 490.

Upon the institution of a divorce action the court acquires jurisdiction over any child born of the marriage and may hear and determine questions both as to the custody and as to the maintenance of such child either before or after the final decree of divorce. C. S., 1664; *Tyner v. Tyner,* 206 N. C., 776, 175 S. E., 144; *Sanders v. Sanders, supra.*

No agreement or contract between husband and wife will serve to deprive the court of its inherent as well as statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by separate agreement or by a consent judgment; *In re Albertson,* 205 N. C., 742, 172 S. E., 411; *Morris v. Patterson,* 180 N. C., 484, 105 S. E., 25; *Webster v. Webster,* 213 N. C., 135, 195 S. E., 362; but they cannot thus withdraw children of the marriage from the protective custody of the court. *In re Albertson, supra; Tyner v. Tyner, supra.* The child is not a party to such agreement and the parents cannot contract away the jurisdiction of the court which is always alert in the discharge of its duty toward its wards—the children of the State whose personal or property interests require protection. *Latta v. Trustees,* 213 N. C., 462, 196 S. E., 862. In such case the welfare of the child is the paramount consideration to which even parental love must yield, and the court will not suffer its authority in this regard to be either withdrawn or curtailed by any act of the parties.

Hence, even if we accept the contention of the plaintiff that the order constitutes a judgment by consent, the court below had full jurisdiction to hear the matter on the motion of the defendant and to make the order from which plaintiff appeals.

Furthermore, the plaintiff consented that the cause should be retained for further orders and decrees. He is bound by his own act. It does not now rest with him to challenge the authority of the court to modify the order in accord with the very terms of the agreement as thus expressed.

A careful reading of *Webster v. Webster, supra,* will disclose that the opinion in that case is not out of accord with our present conclusion. *Lentz v. Lentz,* 193 N. C., 742, 138 S. E., 12, in so far as it seems to conflict, is expressly overruled.

Plaintiff contends that the court was for a further reason without jurisdiction. He relies upon the language of C. S., 1665, and C. S.,

1667, as interpreted by this Court in *Silver v. Silver,* 220 N. C., 191, and the cases therein cited. This contention is without merit. This is not an action under C. S., 1667. The authority of the court below rests in the language of C. S., 1664. Plaintiff raised the issue in his complaint. The plenary jurisdiction of the court was thereby invoked and was properly exercised.

The judgment below is

Affirmed.