### STATE v. RALPH DUNCAN.

(Filed 23 September, 1942.)

**1. Bastards § 1—**

The Court is alert to exercise its power to protect illegitimate children who are entitled to the benefit of laws for their support and maintenance. *Story v. Story,* 221 N. C., 114, approved.

**2. Judgments § 24: Bastards § 6—**

The general rule is that the trial court loses jurisdiction to modify a judgment after the adjournment of the term, and in a bastardy proceeding, where defendant pleaded guilty and orders were made for the support of the child. the court has no authority to strike out a plea of guilty or a judgment at a former term; but, under N. C. Code, 1939 (Michie), sec. 276 (f), the court may modify the conditions of the former judgment, or increase from time to time the amount necessary for the child's support.

APPEAL by defendant from *Johnson, Jr., Special Judge,* at May Term, 1942, of BUNCOMBE.

This is a criminal action and originated in the General County Court of Buncombe County, N. C. On 31 December, 1940, by order of the judge of said court, this and all other cases pending in the General County Court of Buncombe County were transferred to the Superior Court of said county. The aforesaid order of transfer was ratified by an Act of the General Assembly, chapter 69, Public-Local Laws of 1941. The additional facts pertinent to this appeal are set forth in the following order:

"This cause coming on to be heard before His Honor, Jeff D. Johnson, Jr., Judge presiding at the May Criminal Term, 1942, of the Superior

Court of Buncombe County, and the Solicitor having made a motion in the cause to strike out the order entered by His Honor, A. Hall Johnston, Judge presiding at the April Term, 1941, as appears of record, for that the court was without jurisdiction or authority to enter said order, and for further order requiring the defendant to pay into court for the use and benefit of the defendant's illegitimate child a certain weekly sum, and the Court having heard certain evidence, finds the following facts:

"(1) That the defendant pleaded guilty in the General County Court of Buncombe County on the 16th day of September, 1939, to the charge of bastardy, wherein it was alleged and charged that he was the father of and had willfully failed and refused to support his illegitimate child, Phillip, the son of Ollie Belle Reaves, born April 4, 1939, and thereupon the defendant was ordered by the Court to pay into Court for the support of said child the sum of $3.00 per week.

"(2) That subsequent orders were made in said cause continuing the payments, to-wit, October 2, 1939, and May 4, 1940, and that at the December Term, 1940, at the request of the defendant and upon his motion, the payments at the rate of $3.00 per week were continued but the said defendant was allowed to make said payments direct to Ollie Belle Reaves for the use and benefit of said Phillip Reaves instead of paying the same into the office of the Clerk of the Court.

"(3) That at the April Term, 1941, an order was signed by His Honor, A. Hall Johnston, attempting to strike out all previous orders and decrees entered in said cause, and all of the aforesaid orders are referred to and made a part of these findings.

"(4) That at the instance of the defendant an affidavit was prepared by him and signed by the prosecuting witness to the effect that the defendant was not the father of her illegitimate child, but the Court finds as a fact that said affidavit was made by the prosecutrix, Ollie Belle Reaves, at the request and instance of the defendant and upon the representation of the defendant that by having the criminal charge dismissed he would be able to improve his standing with the Civil Service Commission and earn substantially more and that he would thereafter pay an additional amount towards the support of his illegitimate child, Phillip Reaves.

"The Court is of the opinion, and so finds, upon all the evidence, that the defendant is the father of the illegitimate child born to Ollie Belle Reaves, notwithstanding the affidavit which the defendant procured; and upon consideration of the entire record, including the defendant's plea of guilty, and the evidence offered at this hearing and the findings of the Court based thereon:

"IT IS THEREUPON ORDERED, ADJUDGED AND DECREED that the defendant be, and he is hereby required to pay into the office of the Clerk of the

Superior Court of Buncombe County the sum of $3.00 per week for the support of his illegitimate child, the first of said payments to be due and payable on May 23rd, 1942, and subsequent weekly payments to be made each week thereafter until the further orders of the Court, and the order of His Honor, A. Hall Johnston, entered at the April Term, 1941, to the extent of its conflict, if any, with the provisions of this order, is hereby modified. Jeff D. Johnson, Jr., Judge Presiding."

From the foregoing order, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*J. Scroop Styles and Claude L. Love for defendant.*

DENNY, J. The assignments of error may be disposed of in this cause by a consideration of the question: Did His Honor have authority to enter the order at May Term, 1942, of the Superior Court of Buncombe County, as set forth above?

The appellant contends that the motion of the solicitor in this cause is tantamount to an appeal from one Superior Court judge to another. This contention is untenable. This cause was properly transferred to the Superior Court, and the statute, Public Laws of 1933, ch. 228, as amended by Public-Local Laws of 1937, ch. 432, as amended by Public Laws of 1939, ch. 217, N. C. Code, 1939 (Michie), sec. 276 (f), expressly provides where the defendant has been determined to be the father of an illegitimate child ". . . The Court shall fix by order, subject to modification or increase from time to time, a specific sum of money necessary for the support and maintenance of the particular child who is the object of the proceedings."

It is the general rule that the trial court loses jurisdiction to modify a judgment after the adjournment of the term. There are exceptions to this rule, however, and one of the exceptions is to a judgment or order in a bastardy proceeding for the support of an illegitimate child. His Honor, at the April Term, 1941, did not have authority to strike out the plea or the judgment entered prior thereto in this cause. *S. v. Auman,* 35 N. C., 242. However, under the statutes now in force in this State, the court did have authority to modify the conditions of the judgment entered in this cause. To that extent, and to that extent only, was the order valid. The plea of guilty and the judgment thus modified, remained on the docket of the Superior Court, subject to the further orders of the court which might be entered from time to time, pursuant to the provisions of applicable statutes.

In the case of *Story v. Story,* 221 N. C., 114, 19 S. E. (2d), 136, the plaintiff contended that the consent order for the custody and support

of a child, in a divorce proceedings, could not be modified without the consent of the parties. The Court held: "Upon the institution of a divorce action the court acquires jurisdiction over any child born of the marriage and may hear and determine questions both as to the custody and as to the maintenance of such child either before or after the final decree of divorce. C. S., 1664; *Tyner v. Tyner*, 206 N. C., 776, 175 S. E., 144; *Sanders v. Sanders, supra* (167 N. C., 319, 83 S. E., 490). No agreement or contract between husband and wife will serve to deprive the court of its inherent as well as statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by separate agreement or by a consent judgment. *In re Albertson*, 205 N. C., 742, 172 S. E., 411; *Morris v. Patterson*, 180 N. C., 484, 105 S. E., 25; *Webster v. Webster*, 213 N. C., 135, 195 S. E., 362; but they cannot thus withdraw children of the marriage from the protective custody of the court. *In re Albertson, supra; Tyner v. Tyner, supra.* The child is not a party to such agreement and the parents cannot contract away the jurisdiction of the court which is always alert in the discharge of its duty towards its wards—the children of the State whose personal or property interests require protection."

The Court is equally alert to exercise its power to protect illegitimate children who are entitled to the benefit of laws enacted by the General Assembly to provide for their support and maintenance.

We hold His Honor did have authority to enter the order at May Term, 1942, of the Superior Court of Buncombe County, from which defendant appeals. The exceptions of the defendant cannot be sustained, and the judgment of the court below is

Affirmed.