DANA L. DIMOND v. STATE OF NEBRASKA.

FILED JUNE 27, 1923. No. 23279.

**Divorce:** SUPPORT OF CHILDREN. While the decree rendered in a divorce action in this state, awarding the custody of the minor children to the mother and providing an allowance for their support and maintenance, remains in force, the father is not required to provide food, clothing and shelter for such minor children, the measure of his liability in that respect being the amount provided in the decree.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed and dismissed.*

*John W. Cooper* and *E. R. Leigh,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye,* contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and GOOD, JJ., BLACKLEDGE, District Judge.

GOOD, J.

Plaintiff in error, hereinafter called defendant, was prosecuted in the district court on a complaint made by his former wife charging that he had, without good cause, refused and neglected to provide proper food, clothing and shelter for his minor children, D. L. Dimond, aged 18 years, and Carle E. Dimond, aged 20 years. On a trial he was convicted and sentenced to

imprisonment for 90 days in the county jail. He has brought the case here by error proceedings to review the record of his conviction.

Defendant and complainant were divorced in Douglas county in May, 1906. By the decree in that action the wife was awarded the custody of these children, then aged two and four years, and a monthly allowance for their support and maintenance. This decree has never been reversed or modified and remains in full force. Complainant has ever since had the custody of the children and has received their earnings.

Section 1526, Comp. St. 1922, provides that the district court, upon granting a divorce, "may make such further decree as it shall deem just and proper concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain." The next section of the statute provides: "If the circumstances of the parents shall change, or it shall be to the best interests of the children, the court may afterwards, from time to time, on its own motion, or on the petition of either parent, revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." Comp. St. 1922, sec. 1527.

These statutory provisions afford full opportunity to determine what amount the father is able to and should contribute to the support and maintenance of his minor children when their custody has been awarded to the mother in a divorce action. If the allowance is insufficient the court may, upon a proper showing, increase the amount. When, in a divorce action, there has been such a judicial ascertainment of the amount the father should pay for the support of his minor children, that amount is presumed to be just and reasonable until it is reversed or modified by a subsequent order of the court. The amount thus ascertained, so long as the decree remains in full force, is, in this state, the legal

Dimond v. State.

measure of the father's liability for the support of such children. It the father fails, without good cause, to comply with the decree respecting the payment of alimony and the support of the minor children, he may be prosecuted under section 9588, Comp. St. 1922, which makes it a misdemeanor for a husband, against whom a decree of divorce and alimony for the support of his children has been rendered by any court of competent jurisdiction in this state, to refuse or neglect, without good cause, to pay the amounts and in the manner provided by the decree. However, defendant is not charged with a violation of this section, but of section 9587, Comp. St. 1922, which provides generally that if a father wilfully fails or neglects to provide proper food, clothing and shelter for his minor children, he may be punished as for a misdemeanor. While the decree in the divorce action, awarding the custody of the minor children to the mother and providing an allowance for their support and maintenance, remains in force, the father is not required to provide food, clothing and shelter for his minor children, the measure of his liability in that respect being the amount provided in the decree.

The record shows that the two boys, whom defendant is charged with failing to support, are each six feet or more in height, physically strong and able-bodied, and capable of earning their own living. They are both graduates of the Omaha high school, have attended the State University, and one is now in Dartmouth College, in New Hampshire, and the other in the State University of California. For more than 30 years the defendant has been a dentist, but for a number of years he has suffered to some extent from partial paralysis, which affects his right hand, and particularly the thumb and index and middle fingers, to such an extent that he is unable to do certain kinds of dental work and can work for a limited number of hours only at such kind of dental work as he is able to do. His gross income for the past few years has averaged about $125 a month, of

which approximately $50 a month is consumed in office rent and incidental expenses. The value of his property is insignificant. The evidence clearly shows that the two boys in question are better able to earn a living than is the defendant. While the efforts of the two young men to obtain a college education should not be decried, but rather commended, it does not follow that the partially disabled father, who is without means and able to earn but a meager living, is liable criminally for failure to furnish them a university education. We are impressed that the prosecution of this case was inspired by personal animus and malice on the part of the complainant, rather than a proper vindication of the law.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.