N. D. BITTING v. THADDEUS GOSS AND WACHOVIA BANK AND TRUST COMPANY, GUARDIAN.

(Filed 2 November, 1932.)

Infants B a—Infant is liable for medical services rendered in emergency to save his life.

Where an infant, living with his father, is seriously injured in an automobile accident, and is rushed to a hospital and a doctor therein renders professional services in the emergency to preserve his life, and thereafter both the infant, through his next friend, and the father recover damages against the driver of the automobile, the father's damages in-

cluding hospital and medical expenses incurred as a result of the injuries to the infant, and both judgments have been paid and satisfied: *Held*, although the father would be liable to the physician for such emergency services, the infant is also liable, and the physician may recover the reasonable worth of the services in an action against the infant and his guardian, and judgment directing the guardian to pay therefor out of the proceeds of the judgment recovered in the infant's behalf will be affirmed on appeal.

APPEAL by defendants from *Devin, J.*, at May Term, 1932, of WAKE. Affirmed.

This action was originally brought by plaintiff, a physician, against the defendants, before Wiley G. Barnes, judge of the city court of Raleigh, to recover a medical bill of $178.12, for services rendered defendant Thaddeus Goss, an infant. On appeal to the Superior Court the matter was heard upon an agreed statement of facts as follows:

"The plaintiff is a natural person residing in Durham County, North Carolina, and is licensed to practice medicine in North Carolina. The defendant, Thaddeus Goss, is a minor residing with and generally supported by his father, T. R. Goss, and now resides in Harnett County, North Carolina, but at the times hereinafter mentioned resided in Wake County. The defendant, the Wachovia Bank and Trust Company, is a corporation organized and existing under and by virtue of the laws of the State of North Carolina, having a place of business in Wake County. On or about 16 March, 1927, Thaddeus Goss was struck by an automobile owned by Warren R. Williams and seriously injured, suffering a broken leg and other injuries. He was taken to Watts Hospital in the city of Durham and there treated by the plaintiff, N. D. Bitting, who rendered to Thaddeus Goss certain medical and surgical services over a long period of time. The said services were of the fair and reasonable value of $178.12. T. R. Goss, the father of the defendant, Thaddeus Goss, frequently came to the said hospital during the period when the services were rendered and made no objection to the services being made. There was no express contract made between the plaintiff and any one else as to who would pay the value of the said services and the same has not been paid. The plaintiff has demanded payment for said services from T. R. Goss, but no part of the said reasonable value of the services has been paid, and the said T. R. Goss has at all times and still refuses to pay the same or any part thereof.

The defendant, Thaddeus Goss, suing by T. R. Goss, as next friend, sued Warren R. Williams in the Superior Court of Wake County and received a judgment against him in the sum of $3,000 for damage for the said injuries, which judgment has been paid in full.

The defendant, the Wachovia Bank and Trust Company, was appointed guardian for the defendant, Thaddeus Goss, after the recovery and payment of the said judgment and after the said services were rendered. The proceeds of the judgment, after deducting the attorney's fees were paid over to the defendant, the Wachovia Bank and Trust Company, as guardian for the defendant, Thaddeus Goss, and out of the said proceeds the defendant, the Wachovia Bank and Trust Company, now has in its hands a sum sufficient to pay the reasonable value of the services rendered by the plaintiff to the defendant, Thaddeus Goss.

T. R. Goss, the father of Thaddeus Goss, recovered a judgment in the sum of $900 in the Superior Court of Wake County against Warren R. Williams. In his complaint in the said action T. R. Goss alleged as his cause of action the expense, including hospital and medical expenses, incurred and the loss of the services of Thaddeus Goss resulting from the said injuries to Thaddeus Goss. The said judgment has been paid in full.

The plaintiff has demanded payment of the reasonable value of his services from the defendant, the Wachovia Bank and Trust Company, out of the proceeds now in its hand as guardian for Thaddeus Goss, and the same demand has been refused.

We agree that the foregoing statement is a correct statement of the facts in the above entitled action."

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, W. A. Devin, judge of the Superior Court presiding over the courts of the Seventh District, at the first May Term, 1932, and the court finding that the facts are such as set forth in the agreed statement of facts between the parties herein, and it appearing to the court that the plaintiff is entitled to the relief prayed for, it is, therefore, upon motion of Messrs. Smith & Joyner, attorneys for the plaintiff, considered, ordered and adjudged that the plaintiff have and recover of the defendant, Thaddeus Goss, and his guardian Wachovia Bank and Trust Company, the sum of $178.12, together with interest from 16 September, 1930, together with the cost of this action, and that the defendant, Wachovia Bank and Trust Company, guardian of the defendant, Thaddeus Goss, minor, is hereby authorized and directed to pay the said amount to the plaintiff from the funds of the defendant, Thaddeus Goss, held by it as guardian."

The defendants excepted, assigned error and appealed to the Supreme Court: "(1) That the court erred in holding that the plaintiff is entitled to recover under the agreed statement of facts. (2) That the court erred in signing judgment as set out in the record."

*Smith & Joyner and John H. Anderson, Jr., for plaintiff.*
*J. C. Little for defendants.*

CLARKSON, J. The question presented on this appeal: "Is an infant living with his father liable for medical services where such services were uncontradicted but were necessary in an emergency and the infant recovers damages for the injuries which made the services necessary, although the father also recovers for his own expenses (including hospital and medical) and damages? We think so.

Thaddeus Goss, by his next friend T. R. Goss, recovered a judgment against Warren R. Williams for $3,000 and on appeal to this Court no error was found in the trial in the Superior Court. 196 N. C., 213. After paying the expenses of the litigation the balance of the $3,000 was paid to defendant Wachovia Bank and Trust Company, as guardian. T. R. Goss, the father of Thaddeus Goss recovered a judgment in the sum of $900, and in the complaint T. R. Goss alleged "as his cause of action and expense, including hospital and medical expenses incurred and the loss of the services of Thaddeus Goss, resulting from the said injuries to Thaddeus Goss." The judgment has been paid in full. It now appears that the father T. R. Goss "has at all times and still refuses to pay the same or any part thereof." That is the bill of the plaintiff physician. It goes without saying that the father was liable to plaintiff the physician for the services rendered his infant son.

We think, under the facts and circumstances of this case, that the infant is also liable. The defendants say in their brief: "In good conscience and equity it ought to have been collected out of the father when he recovered his judgment in a substantial amount for this very obligation." We think this should have been done and the father liable to the infant, but from the record it may be he is insolvent. Thaddeus Goss, when injured, for which recovery was had, was about 7 or 8 years of age. He was "seriously injured suffering a broken leg and other injuries." He was taken to Watts Hospital and there treated by the plaintiff, Dr. N. D. Bitting, who rendered to him certain medical and surgical services over a long period of time. It is admitted that the charges for the services rendered by plaintiff were fair and reasonable.

Defendants contend that in the case of *Cole v. Wagoner,* 197 N. C., 692, the recovery by the infant included the hospital bill. The decision in that case went further—at p. 698, we find: "It was an emergency, and quick action had to be taken. During the period of treatment the father paid for no hospital, medical or surgical treatment for the infant. It seems that he was either unable, at least he did not provide for the infant. The circumstances were peculiar. The father did not provide

this attention necessary to save his life and usefulness—the hospital did. The infant now has an estate, and it is unthinkable that the guardian of the infant should not pay the reasonable expense for saving the child's life and usefulness. . . . (p. 699.) The amount of recovery is bottomed on *quantum meruit* or reasonable worth of services."

In Page on the Law of Contracts, 3rd vol. part sec. 1521, p. 2602, speaking to the subject, we find: "A case in which considerations of humanity control, and enable one who has rendered services without request to recover therefor, is found where medical or surgical attention is rendered to one who is injured or taken ill so that he is unconscious and unable either to request or forbid the rendition of such services. In cases of this sort, the courts are confronted with the alternative of requiring the injured person to pay reasonable compensation for services rendered to him, or of saying that all who render services do so as a matter of charity or in reliance upon the generosity of the person for whom such services are rendered. While there is little authority upon this question, from the nature of the case it is held that the interest of the person who is injured requires the law to impose a liability upon him for reasonable compensation for such medical and surgical services."

In the present case the plaintiff physician rendered services in an emergency and to preserve human life. We think the *Cole case, supra,* applicable to the present case. In that case the authorities are set forth in full. The judgment below is

Affirmed.