MRS. GAYNELL HAWKINS, BY HER NEXT FRIEND, MRS. NEAL CAMP, v. J. A. MAUNEY.

(Filed 7 April, 1937.)

**Damages § 12—**

> Where plaintiff, a married minor, introduces evidence that she nevertheless became liable on a note given for money borrowed and used to pay for medical attention for her after the injury, the evidence is sufficient to support the recovery of such item by her as an element of her damages.

APPEAL by defendant from *Alley, J.,* at October Term, 1936, of LINCOLN. No error.

This is an action to recover damages for personal injuries which the plaintiff suffered as the result of a collision during the nighttime, on a highway in Lincoln County, North Carolina, between an automobile driven by her husband in which she was riding and an automobile driven by the defendant.

At the date of the commencement of the action, the plaintiff was under the age of twenty-one. The action was begun and prosecuted in her behalf by her duly appointed next friend.

The issues raised by the pleadings and submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover? Answer: '$3,800.' "

From judgment that plaintiff recover of the defendant the sum of $3,800, with interest and cost, the defendant appealed to the Supreme Court.

*Jonas & Jonas and H. A. Jonas for plaintiff.*

*W. H. Childs and J. Laurence Jones for defendant.*

PER CURIAM. Only one exception appears in the record in this appeal. The defendant excepted to an instruction by the court to the jury with respect to the second issue. With respect to this issue, the court instructed the jury in effect that they should include in their answer to the second issue any sum which they should find from the evidence was expended by the plaintiff for medical care and nursing which she received because of her injuries.

There was evidence at the trial tending to show that the plaintiff borrowed from the uncle of her husband the sum of $142.50, which she paid to the physician who attended her while she was in the hospital because of her injuries, and that she, as principal, and her husband and mother, as sureties, executed a note for that sum payable to her husband's uncle. This note has not been paid. There was no evidence tending to show that the sum of $142.50 was an unreasonable or excessive charge for the services rendered to the plaintiff by her physician.

The plaintiff, although a minor and a married woman, assumed personal liability for the expenses incurred by her for medical care and nursing. For this reason she was entitled to recover of the defendant the sum expended by her for that purpose. There was no error in the instruction. See *Bitting v. Goss,* 203 N. C., 424, 166 S. E., 302; *Cole v. Wagner,* 197 N. C., 692, 150 S. E., 339; and *Bowen v. Daugherty,* 168 N. C., 242, 84 S. E., 265. The judgment is affirmed.