BERNADINE WELKE, APPELLANT, v. ARCHIE WELKE, APPELLEE.

288 N. W. 2d 41

Filed February 5, 1980.  No. 42503.

Raetz & Bergfield, for appellant.

Charles Plantz, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and ENDACOTT, District Judge.

ENDACOTT, District Judge.

This is an appeal by petitioner wife from a decree of modification in a dissolution of marriage proceeding.

The parties were married in 1973. In July 1975 the wife filed for dissolution of marriage. A son, Joseph was born December 11, 1975. On January 18, 1977, a decree dissolving the marriage was entered. The decree provided, in part, that the wife have custody of Joseph with $250 monthly child support for him, and the husband pay alimony in the sum of $4,800 in

monthly installments of $400, commencing February 1, 1977. The parties continued to live together until April 30, 1977. The wife then moved to Ohio, where she has resided ever since. The husband continues to reside in Chadron, Nebraska.

On September 17, 1977, another son, Nathaniel, was born to the parties. His conception was unknown until after the decree was entered. Unfortunately, Nathaniel was born with many serious medical problems.

In October 1977 the wife filed her first application for modification seeking, among other things, custody of Nathaniel and increased child support. On December 9, 1977, a decree was entered awarding custody of Nathaniel to the wife, and ordering the husband to pay child support of $200 per month per child.

In June 1978 the wife filed a second application for modification seeking reinstatement of alimony, additional child support, and other equitable relief.

A decree was entered by the trial court on October 23, 1978, denying the application to reinstate alimony; increasing child support for Nathaniel from $200 to $400 per month; refusing to compel the husband to follow particular procedures as to the processing of future medical insurance claims; and declining to impose liability upon the husband for $8,189.28 in unpaid medical bills for Nathaniel. The wife now appeals, alleging error in all aspects of the decree. We affirm.

As to the wife's contention that the trial court erred in denying her additional alimony, reference is made to section 42-365, R. R. S. 1943, which provides, in pertinent part: "Unless amounts have accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified * * *." In the original decree of dissolution in this case, the husband was ordered to pay alimony of $4,800 in monthly installments of $400, commencing

on February 1, 1977.  Thus, on January 1, 1978, the $4,800 alimony had accrued in full.  On June 21, 1978, the husband was served in regard to the wife's second application to modify.  However, the entire amount of alimony had accrued prior to this service of process.  Therefore, the original decree could not, under the statute, be subsequently modified to provide for additional amounts of alimony.

The wife also contends that the increase in monthly child support for Nathaniel from $200 to $400 was inadequate.  We cannot agree.  Nathaniel was born September 17, 1977.  On December 9, 1977, the trial court modified the original decree, awarding the wife custody of Nathaniel, and ordering that the husband pay $200 per month child support for him.  At that time it was known that Nathaniel was born with severe health problems.  In fact, at that time, he was in intensive care at a weekly cost of $5,000.  The total cost of this unfortunate child's medical expenses is staggering.  The child's life has been and, in all likelihood, will continue to be a tragic one.  But can we reasonably expect the father to do anything more?  The answer is no.  He is a conductor on a railroad.  The record discloses his income and necessary expenses.  With a total monthly child support obligation of $600 for the two boys, he will be hard pressed indeed financially.  He has not remarried or undertaken new obligations.  He lives simply.  He does not waste or squander the wages he earns.  He is aware of his responsibilities as a father, and does not seek to avoid them.  A parent's support obligation is a great one, but it is not unlimited.  Some consideration at least, in the light of other relevant factors, must be given to the parent's financial position.  Hermance v. Hermance, 194 Neb. 720, 235 N. W. 2d 231 (1975).  A decision on child support rests in the sound discretion of the trial court and will not be disturbed on appeal unless the court abused its discretion.  Sommers v. Sommers,

191 Neb. 361, 215 N. W. 2d 84 (1974). The trial court in the present case did not abuse its discretion when it increased the monthly child support for Nathaniel from $200 to $400. Incidentally, the trial court observed at the time that there was no doubt this increase would put a "severe strain" on the husband.

Finally, the wife contends the trial court erred in not imposing liability on the husband for particular past medical expenses of Nathaniel and in refusing to require the husband to follow certain procedures in the processing of future medical insurance claims. At the outset, it will be noted that neither the original decree of dissolution nor the first modification thereof imposed upon the husband any duty either to pay such medical expenses or to do anything in regard to medical insurance claims. He was ordered to pay child support. He has done that. The trial court was aware of Nathaniel's medical needs and anticipated expenses shortly after Nathaniel's birth. We cannot say the trial court abused its discretion to the extent of disregarding this available information in setting the amount of child support for Nathaniel. It is not necessary to decide whether the decree in its original form, or as modified, establishes any sort of limitation from a legal standpoint on the father's liability to provide for his children. The financial realities have already imposed such limitation.

Based on the record, we cannot accept the wife's contention that her husband has not cooperated sufficiently in the processing of Nathaniel's medical claims. While perhaps a bit inefficient by his very nature, there is nothing to indicate that the husband is acting in bad faith or even unreasonably. It will be noted that a substantial portion of Nathaniel's medical bills have been paid as a result of claims filed under a health insurance policy which the husband had by virtue of his employment with the railroad. He was not required by the court to provide

such health insurance. It will also be noted that as soon as the husband was informed that the company would pay benefits directly to the various health care providers, he gave the necessary written authorization for the company to do this. He also informed the insurer that his wife would be submitting future claims directly to the company. A court order regarding the processing of future medical claims is unnecessary.

An examination of the record on appeal does not reveal any abuse of discretion by the trial court. In addition, the trial court's decisions find ample support in the evidence.

AFFIRMED.