STATE OF NEBRASKA, APPELLEE, V.
EDWARD ROBERT EASLEY, APPELLEE, AND
EVELYN KULHANEK, APPELLANT.

299 N.W.2d 439

Filed December 12, 1980.   No. 42988.

Thomas B. Thomsen of Sidner, Svoboda, Schilke, Wiseman & Thomsen for appellant.

Loren L. Lindahl and Thomas W. Lipps for appellee.

Heard before KRIVOSHA, C.J., MCCOWN, and WHITE, JJ., and COLWELL and HUBER, District Judges.

WHITE, J.

Appellant, a surety, furnished a bond on behalf of the defendant, who was convicted, in accordance with the provisions of Neb. Rev. Stat. § 28-449 (Reissue 1975), failure to support wife, child, or stepchild. The defendant pleaded guilty on September 9, 1977, and on the defendant's application, a bond was set in the sum of $5,000 "with sufficient surety to be approved by the Court. Condition that the defendant will provide support for minor children." Subsequently, after a hearing on August 21, 1979, the defendant was found to have failed to make ordered support payments, and the bond was partially forfeited to the extent of the arrearages. The surety appeals. We affirm.

Appellant-surety assigns as error: (1) The court's

refusal to dismiss the motion to forfeit since the trial court had not approved the bond prior to August 21, 1979; and (2) The court's refusal to release the surety on the ground that the obligation of the bond had been materially altered as the result of the court's 1979 order in the divorce case, which increased the defendant's child support obligation.

The defendant and his wife were divorced on September 6, 1973. Child support was ordered and later increased to $180 per month beginning April 1, 1974, and increased again to $225 on January 22, 1979. Apparently, the defendant did not regularly pay his child support, and the normal efforts at collection were ineffectual due to his absences from the state. The State filed a complaint against defendant in August 1977. The bond was filed in October 1977.

On August 21, 1979, the court approved the bond and ordered that appellant, as surety for defendant Easley, pay $1,040. On the same day, appellant filed a "Termination and Withdrawal of Bond" with the District Court because of the court's untimely approval of the bond. On August 23, 1979, appellant filed a motion for new trial. On September 10, 1979, the motion was overruled.

Appellant contends that defendant was charged under the wrong section of the statutes and that the bond is therefore invalid. The District Court ordered bond set according to Neb. Rev. Stat. § 28-449.01 (Reissue 1975). Appellant contends that defendant could only be charged under Neb. Rev. Stat. § 28-450 (Reissue 1975). This argument is without merit. Subsection (2) of § 28-449 reads: "(2) Prosecution may be brought under subsection (1) of this section although a child support judgment, either incident to a decree of divorce or separation or otherwise, has been entered against the person charged." Under those circumstances, a person can be prosecuted only if he fails to make ordered payments, and the measure of his liability under § 28-449 is the amount provided

in the decree. *Dimond v. State*, 110 Neb. 519, 194 N.W. 725 (1923). Subject to the provisions of Neb. Rev. Stat. §§ 42-364 (Reissue 1974) and 42-365 (Reissue 1978), that amount may be modified after the decree has been entered.

Appellant's second contention is that, because the District Court did not approve the bond until after the breach, the appellant, as surety, was released. This contention is likewise without merit. In *Paxton v. State*, 59 Neb. 460, 472, 81 N.W. 383, 385 (1899), we stated that statutory provisions which required approval of bonds are "for the protection of the public, and not for the benefit of sureties; and they, consequently, can not be heard to object that approval and acceptance were not within the prescribed time." See, also, *Holt County v. Scott*, 53 Neb. 176, 73 N.W. 681 (1897).

Finally, appellant relies on the theory that a surety will be released from a bond obligation where some material change in the underlying obligation is made without notifying the surety. That basic principle will not release appellant as surety under the facts of this case. The bond ordered pursuant to § 28-449.01 was a statutory bond. Because it was a statutory bond, the language of the bond must be construed in light of the statute authorizing it. "The liability of a surety on statutory undertakings is measured by the terms of the statute rather than by the terms set forth in the agreement, where the two are in conflict, as the statute forms a controlling part of every such agreement." *State Surety Co. v. Peters*, 197 Neb. 472, 475, 249 N.W.2d 740, 742 (1977).

Although, generally speaking, provisions of a bond will be strictly construed so as not to extend the duties of the parties beyond the scope of the obligations according to the express terms of the contract, a surety giving a bond under the provisions of a law, and for a public purpose, is bound to know the law. *Giese v. Engelhardt*, 175 N.W.2d 578 (N.D. 1970); 12 Am. Jur.

2d *Bonds* § 26 (1964). "The law at the time of the execution of a statutory bond is a part of it; if it gives to the bond a certain legal effect, it is as much a part of the bond as if in terms incorporated therein." *State Surety Co. v. Peters, supra* at 475, 249 N.W.2d at 742, quoting *Sun Ins. Co. v. Aetna Ins. Co.*, 169 Neb. 94, 98 N.W.2d 692 (1959).

"The question then is how the statute in effect at the time the bond was executed may affect the instrument." *State Surety Co. v. Peters, supra* at 476, 249 N.W.2d at 742. Section 28-449(2) clearly makes the amount set forth in the decree the measure of liability where a divorce decree has been entered. *Dimond v. State, supra.* Just as clear are the statutory provisions for modification of alimony and support awards. These provisions all modify the express terms of any bond given under § 28-449.01. When the decree was modified, there was no alteration, material or otherwise, of the original bond. The bond implicitly provided for such increases in support payments.

Appellant's argument that the District Court's release of the Stuyvesant Insurance Company effectively released her from her obligation on the bond is without merit. Appellant purported to join the insurance company on the bond under a power of attorney. However, on its face, the power of attorney executed by the insurance company expressly excluded bonds for payment of support or alimony. The insurance company was never bound and appellant was not released.

The appellant is liable on her bond, as the District Court found, and the judgment of the District Court is affirmed.

AFFIRMED.