Lisa WILKIE, a minor, by Betty WILK-
IE, Guardian ad Litem, Plaintiff,

v.

Harold R. HOKE, M.D., Defendant.

No. C-C-84-690-M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 21, 1985.

Paul R. Hibbard, Johnson, Smith, Hibbard, Cleveland, Wildman & Dennis, Spartanburg, S.C., for plaintiff.

John B. Duggan, Ronald W. McKinney, Edwards, Duggan and Reese, Greer, S.C., William H. Elam, Elam, Seaford, McGinnis & Stroud, Charlotte, N.C., and Louis L. Lesesne, Gillespie & Lesesne, Charlotte, N.C., for defendant.

McMILLAN, District Judge.

Plaintiff is suing to recover for damages allegedly suffered as a result of negligence of the defendant in performing an abortion on her on April 16, 1983. At that time plaintiff was fourteen years old.

Defendant has moved to dismiss the complaint or refer the matter to arbitration. The basis for the motion is a provision of the informed consent agreement signed by plaintiff which provides that:

> If such a claim (against defendant) is made, be it for professional liability, personal injury, contract, warranty, or other breach of duty, I agree to submit the claim to binding arbitration. In the event of such arbitration, I understand and agree that Hallmark shall choose one physician arbitrator; I shall choose a second physician arbitrator; a third such arbitrator shall be designated by the American Arbitration Association office in Washington, D.C. The decision of the arbitrators shall be binding upon me without recourse to any other judicial or other tribunal.

Plaintiff opposes the motion on the grounds that the agreement is a contract of

adhesion and that the agreement is void or voidable by plaintiff, a minor.

The case was originally brought in the District of South Carolina. The district judge hearing the case denied a similar motion to require arbitration. Later he ruled that the court in South Carolina had no personal jurisdiction over defendant because of a lack of minimum contacts. That ruling was upheld on appeal, but the Fourth Circuit Court of Appeals ordered that the case be transferred to this court.

■ The renewed motion is properly before this court. The previous ruling by the South Carolina court is not binding here in any way because that court lacked jurisdiction over the controversy. *See, e.g., Hydaburg Co-Op Ass'n v. United States,* 667 F.2d 64, 66, 229 Ct.Cl. 250 (1981), *cert. denied* 459 U.S. 905, 103 S.Ct. 207, 74 L.Ed.2d 166 (1982).

■ Defendant argues that plaintiff should be bound by the arbitration agreement contained in the informed consent either under common law or under the statutes of North Carolina. Under common law, defendant asserts that plaintiff is obligated for contracts for "necessities," including medical treatment. Alternatively, defendant argues that N.C.G.S. § 90–21.5, as affected by recent Supreme Court rulings, allows plaintiff to give effective consent for the abortion and agreement to arbitrate.

It appears that plaintiff, even as a minor, has the ability to contract for medical treatment, under common law (*see, e.g., Cole v. Wagner,* 197 N.C. 692, 150 S.E. 339 (1929); *Bitting v. Goss,* 203 N.C. 424, 166 S.E. 302 (1932) ), and has a constitutional right to an abortion under the Supreme Court's decisions in *Planned Parenthood of Missouri v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976) and *Bellotti v. Baird,* 443 U.S. 622, 99 S.Ct. 3035, 61 L.Ed.2d 797, *reh. denied,* 444 U.S. 887, 100 S.Ct. 185, 62 L.Ed.2d 121 (1979). These Supreme Court cases read together hold that a state can not require a minor to obtain parental consent for an abortion unless the state provides an alternative procedure whereby authorization can be obtained for the abortion. North Carolina has no such alternative procedure. A North Carolina statute currently provides that:

§ 90–21.5. Minor's consent sufficient for certain medical health services.

(a) Any minor may give effective consent to a physician licensed to practice medicine in North Carolina for medical health services for the prevention, diagnosis and treatment of (i) venereal disease and other diseases reportable under G.S. 130–81, (ii) pregnancy, (iii) abuse of controlled substances or alcohol, and (iv) emotional disturbance. This section does not authorize the inducing of an abortion, performance of a sterilization operation, or commitment to a mental institution or hospital for confinement or treatment of a mental condition. This section does not prohibit the admission of a minor to a treatment facility upon his own written application in an emergency situation as authorized by G.S. 122–56.5.

This statute appears to be unconstitutional to the extent that it prevents a minor from obtaining an abortion without parental consent. However, no ruling on this question is required by this motion, and the court makes no ruling.

Under common law, plaintiff, as a minor, can elect to void the agreement to arbitrate controversies. *See, e.g., Millsaps v. Estes,* 137 N.C. 535, 50 S.E. 227 (1905). The agreement to arbitrate is not a necessity and is collateral to the contract for the abortion itself. The informed consent itself includes a severability provision; therefore, the contract for medical treatment can stand apart from the arbitration provision. Under common law, plaintiff can elect to void the arbitration provision. This right is unaffected by legislative action. N.C.G.S. 90–21.5 shows the legislative intent not to allow a minor to give effective consent for an abortion. Even if the statute is unconstitutional as the parties suggest, the agreement of a minor to arbitrate before a panel of doctors is not expressly authorized by statute and should not be read into the words "effective con-

sent." Plaintiff's common law ability to void the agreement to arbitrate has not been changed by statute and does not deprive her of her constitutional right to an abortion.

The court will deny the motion to require arbitration on the ground that plaintiff, as a minor, is not bound by the arbitration provision. The court will not address plaintiff's additional argument that the contract is one of adhesion.

IT IS THEREFORE ORDERED that the motion to dismiss or require arbitration is DENIED.