521 N.W.2d 910 (1994)
246 Neb. 604
NATIONAL ACCOUNT SYSTEMS OF LINCOLN, INC., a Nebraska Corporation, Appellant,
v.
Robert VERGITH, Appellee.
No. S-92-989.
Supreme Court of Nebraska.
September 23, 1994.
*911 James A. Cada, Lincoln, for appellant.
Dana M. London, Lincoln, for appellee.
HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.
BOSLAUGH, Justice, Retired.
National Account Systems of Lincoln, Inc. (National), sued Robert Vergith to collect hospitalization expenses incurred by Vergith's daughter. The county court for Lancaster County held, and the district court affirmed, that Vergith was not responsible for the expenses because he is a noncustodial parent who pays child support. The county court held that the child support obligation defines the extent of his duty to pay for the child's expenses. After the district court affirmed, the plaintiff, National, appealed.
Vergith was divorced in 1976. The divorce decree granted custody of the son from the marriage to Vergith, and of the daughter, Jaymi, to Vergith's former wife. Vergith was ordered to pay $50 per month for the support of Jaymi. Jaymi received nonemergency medical services in Lincoln General Hospital from May 1990 to January 1991. Vergith was not consulted regarding the treatment of his daughter and did not agree to pay for the treatment. The total cost of the treatment was $10,973.20. Payments from insurance and other sources were made to the hospital, and the balance due the hospital was $1,781.84 at the time the suit was commenced.
National, as assignee of the hospital, sought to recover the balance due from Vergith, claiming that a father is liable to third parties that provide necessaries, regardless of marital or custodial status. The case was tried on stipulated facts. The only question before the trial court, and now before this court, is whether a noncustodial parent who has had a child support obligation assessed against him is liable to third parties who provide necessaries to minor children.
Because the facts are not in dispute, the question before this court is a question of law. As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. Lindsay Mfg. Co. v. Universal Surety Co., 246 Neb. 495, 519 N.W.2d 530 (1994). See, also, Kozeny v. Miller, 243 Neb. 402, 499 N.W.2d 75 (1993).
This court has not previously addressed this particular question, but has addressed a similar situation. In Dimond v. State, 110 Neb. 519, 194 N.W. 725 (1923), criminal child neglect charges were filed against the former husband, alleging that he had failed to properly support his children. The former husband had paid his court-ordered child support payments. The district court entered judgment against the father, who appealed. This court reversed the district court, stating:
When, in a divorce action, there has been... a judicial ascertainment of the amount *912 the father should pay for the support of his minor children, that amount is presumed to be just and reasonable until it is reversed or modified by a subsequent order of the court. The amount thus ascertained, so long as the decree remains in full force, is, in this state, the legal measure of the father's liability for the support of such children.
Dimond, 110 Neb. at 520-21, 194 N.W. at 725.
In Dimond, the court did not state whether the limitation of the noncustodial parent's liability was exclusive to the custodial parent or was extended to include third parties, or whether civil liability was limited by the divorce decree. A split of authority has developed among the courts of other states which have determined the liability of noncustodial parents to third parties who provide necessaries for minors. See Annot., Support Provisions of Judicial Decree or Order as Limit of Father's Liability for Expenses of Child, 7 A.L.R.2d 491 (1949).
National cites three sources for the proposition that noncustodial parents are liable to third parties who provide necessaries. First, National cites a statute which provides that parents are responsible for medical bills incurred at county hospitals; no mention is made about custodial status. National claims that the statute is an indication that the Legislature requires both parents to take care of their children's medical care. In fact, the statute is a reflection of the Legislature's desire to see that county hospitals not be deprived of payment.
National cites as its second authority the opinion of this court in Welke v. Welke, 205 Neb. 426, 288 N.W.2d 41 (1980). In Welke, we held that a wife could not recover a child's past medical expenses from her former husband where the husband was not required to pay for medical expenses in the support decree. We also stated that it was "not necessary to decide whether the decree [established a] limitation from a legal standpoint on the father's liability to provide for his children." Id. at 429, 288 N.W.2d at 43. National claims that the statement shows that the court did not consider the ruling in Dimond, supra, controlling in matters between a third-party provider of necessaries and noncustodial parents.
Finally, and most strenuously, National argues that the court should adopt the reasoning in Alamance County Hospital v. Neighbors, 315 N.C. 362, 338 S.E.2d 87 (1986). In Neighbors, the North Carolina Supreme Court held that noncustodial parents were liable to third-party providers of necessaries received by the parents' children. The court stated that the "duty of support is ... an obligation imposed by law which arises from his status as [a parent]." Id. at 365, 338 S.E.2d at 89. The court also stated that "the right of the third party provider of goods or services to claim against the non-custodial parent also continues, unimpaired by contracts or judicial decrees or orders affecting the relations between the parents." Id. at 369, 338 S.E.2d at 92.
Whatever the merits of National's authorities, they do not adequately respect the judicial responsibility to maintain the integrity of support orders. A judicial method of seeking additional support from a noncustodial parent has been created by the Legislature. See Neb.Rev.Stat. § 42-364 (Reissue 1988). Since the Legislature provided the avenue by which the changing needs of children can be met, we will not augment it by judicially created remedies.
We find that the need to preserve the integrity of support orders will be best fulfilled by extending the Dimond rule to civil liability, including third-party providers of necessaries. Unless the custodial parent has sought a modification of the support order, the amount set in the decree of dissolution is the legal measure of the noncustodial parent's liability for the support of children. Such liability will not be changed without a judicial modification of the decree of dissolution.
The trial court correctly stated that the proper means of seeking reimbursement *913 for nonemergency medical care is through a modification of the support order. The judgment of the district court is affirmed.
AFFIRMED.
WRIGHT, J., participating on briefs.